BONDURANT

**AMANDA KAY SEALS**

**Writer's Direct Dial**
**(404) 881-4174**
**seals@bmelaw.com**

August 12, 2026

**VIA CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., NW
Atlanta, GA 30303

Re: Fed. R. App. P. 28(j) Notice of Supplemental Authority for *Benjamin v. Oliver*, Case No. 25-14263

Dear Mr. Smith:

I write to inform the Court of new Eighth Amendment precedent supporting affirmance of the permanent injunction in this case: *Dunn v. Commissioner, Alabama Department of Corrections*, 179 F.4th 1277 (11th Cir. 2026).

*Dunn* largely affirmed a systemwide permanent injunction to remedy constitutionally inadequate mental healthcare in Alabama prisons. *Dunn* holds that "in institutional level challenges to prison healthcare[,] systematic deficiencies can provide the basis for a finding of deliberate indifference." *Id.* at 1313 (quotation omitted and alteration adopted).

*Dunn* confirms Appellees' counsel's answer to the following question Judge Grant posed at oral argument regarding the proper defendant for deliberate indifference claims: "Isn't deliberate indifference an odd framework for this claim? … [O]rdinarily, it's the person standing there in front of the inmate saying no, or laughing, or [] some really horrifying circumstances?" Oral Arg. at 23:40–23:55.

As Appellees' counsel explained at oral argument, deliberate indifference remains the proper framework under existing Eleventh Circuit precedent, including *Dunn*. *Dunn* confirms that Defendants' policies, implemented pursuant to Senate Bill 185 ("SB185"), do not evade Eighth Amendment scrutiny. Defendants' implementation of SB185, like the policies challenged in *Dunn*, creates "systematic deficiencies" that "provide the basis for a finding of deliberate indifference." *Dunn*, 179 F.4th at 1312. *Dunn* re-affirmed that "what matter[s] in an official-capacity [deliberate indifference] suit" is indifference, even if that indifference is occurring at the institutional level. *Id.* at 1313.

In *Dunn*, Alabama's systemwide failure "to provide individualized [mental health] treatment plans to prisoners with serious mental-health needs" amounted to deliberate indifference. *Id.* at 1312. Here, Georgia's systemwide withholding of gender dysphoria treatment—specifically, hormone therapy—without regard to individual need is likewise deliberate indifference.

Moreover, *Dunn* proceeded as a class action, the latest in a line of class actions under the Prison Litigation Reform Act ("PLRA"). *Dunn* gives this Court still more reason to reject the notion that the PLRA prohibits class relief. 179 F.4th at 1320 ("[B]ecause the [district] court found a [problematic] system-wide violation, … it could remedy that violation on a system-wide basis while still satisfying the PLRA.").

The Court should affirm the permanent injunction.

Sincerely,

*/s/ Amanda Kay Seals*
Amanda Kay Seals
Georgia Bar No. 502720

Cc: Counsel of Record (via ECF)