Consovoy McCarthy PLLC

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

**BY ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., NW
Atlanta, GA 30303

**RE: Plaintiffs' Notice of Supplemental Authority, *Benjamin v. Oliver*, No. 25-14263**

Dear Mr. Smith:

Plaintiffs' Rule 28(j) letter asserts that this Court's decision in *Dunn v. Commissioner, Alabama Department of Corrections* "support[s] affirmance of the permanent injunction in this case." It does not.

Plaintiffs first argue that *Dunn* answers Judge Grant's question at oral argument about how to approach a facial Eighth Amendment challenge to a state law creating prophylactic rules for medical treatment in prisons. But *Dunn* had nothing to do with a *statute* like SB185. Instead, it concerned a series of prison actions and omissions that the district court found to have collectively violated the Eighth Amendment. 179 F.4th 1277, 1294-95 (11th Cir. 2026). *Dunn* did not involve an attack on policies reflected in state legislation—much less legislation similar to laws that have recently been upheld by both the Supreme Court and this Court. And there is no indication whatsoever that the interventions sought in *Dunn* were as controversial, unproven, or contested as the cross-sex hormonal interventions to which Plaintiffs claim a constitutional right here.

Plaintiffs further contend that *Dunn* having "proceeded as a class action" is "reason to reject the notion that the PLRA prohibits class relief." But State Defendants' statutory interpretation argument—that the PLRA's reference to the rights of "a particular plaintiff or plaintiffs" precludes granting class-wide injunctive relief to unnamed absent inmates under Rule 23(b)(2)—was neither presented, briefed, nor decided in that case. The defendants merely argued that the district court "failed to satisfy the PLRA's need-narrowness-intrusiveness requirement." *Id.* at 1315. For this reason, the panel did not discuss the impact of the Supreme Court's recent decision in *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022), which squarely supports State Defendants' position here. Plaintiffs' attempt to mine *Dunn*'s procedural history "for stray comments and stretch them beyond their context" fails. *Brown v. Davenport*, 596 U.S. 118, 141 (2022). This Court cannot "read so much into so little" as to transform the panel's silence on an issue the parties did not litigate into a statutory interpretation holding about the scope of relief under the PLRA. *Id.* at 138.

Dated: August 17, 2026.

Respectfully submitted,

Christopher M. Carr
*Attorney General*
John Henry Thompson
*Solicitor General*
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
jhthompson@law.ga.gov

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris
Rachael C.T. Wyrick
Julius Kairey
Zachary P. Grouev*
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com

**Supervised by principals of the firm admitted to practice in Virginia*

*Counsel for Defendants-Appellants*